The Sentence Review Board wishes to thank Robert Hubbard for representing himself in this matter.

**FROM: The District Court of the 13th Judicial District.**
**County of Yellowstone.**

STATE OF MONTANA,

        Plaintiff,                        **NO. DC 96-695**

    **vs.**                                 **DECISION**

Robert J. Hurt,

        **Defendant.**

On April 18, 1997, it was therefore ordered, adjudged and decreed that the said Robert Jason Hurt be punished by imprisonment in the Montana State Prison at Deer Lodge, Montana, for the term of twenty (20) years. Defendant shall receive credit for time spent in the Yellowstone County Detention Facility at Billings, Montana, for 226 days. It is the recommendation of this court that the defendant Robert Jason Hurt not be considered for parole, pursuant to Section 46-18-202, Montana Code Annotated, until said defendant has successfully completed Phase I of the Sex Offender Treatment Program. It is further ordered that the execution of ALL BUT TEN (10) YEARS of said prison sentence this day imposed on said defendant, as hereinabove set forth, be, and the same hereby is SUSPENDED, and said defendant is hereby placed on probation for ALL BUT TEN (10)YEARS of said period of TWENTY (20) YEARS, and the court retains jurisdiction of said defendant in the above-entitled cause during the entire term of said imprisonment above-mentioned, and ALL BUT TEN (10)YEARS of said prison sentence is suspended upon conditions as set forth in the April 18, 1997 judgment to be performed and kept by said defendant during this term of probation. It is further ordered that the said Robert Jason Hurt be, and he is hereby notified that it is his duty to register as a Sex Offender as required by 46-18-254 and 46-23-501 through 508, Montana Codes Annotated. The defendant is further notified that the law imposes upon him the duty to pay a supervisory fee of One Hundred Twenty Dollars ($120.00) a year prorated at Ten Dollars ($10.00) a month for the number of months that he is hereunder Supervision. This fee is payable to the Clerk of Court. It is further ordered that the defendant shall pay to the Clerk of District Court the sum of Twenty Dollars ($20.00) for this conviction pursuant to 46-18-236, Montana Code Annotated, plus the sum of Five Dollars ($5.00) for Court Automation Surcharge. The Clerk of District Court is hereby ordered to deliver the said sum of Twenty-Five Dollars ($25.00) to the Treasurer of this County.

On August 22, 1997, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was represented by Deputy County Attorney Joe Coble.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also

to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, there is a split decision of the Sentence Review Division. The Honorable Jeffrey Sherlock and the Honorable Richard Phillips choose to affirm the sentence.

Done in open Court this 22nd day of August, 1997.

DATED this 11th day of September, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Richard Phillips.**

The Honorable Jeff Langton dissents. Judge Langton would require the defendant to complete both Phases I & II of the sex offender Treatment Program at Montana State Prison before being eligible for parole.

Reasons for the dissent are because of the length of time that the molestation occurred and the age of the victim in this crime (Six years of age).

**Alternate Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank Robert J. Hurt for representing himself in this matter and also Deputy County Attorney Joe Coble for representing the State.